McKiNNET, J.,
delivered the opinion of the Court.
This was an action of trespass. On the trial, verdict and judgment were rendered for the defendant.
The plaintiff was a livery stable keeper in the city of Memphis, and had in his stable a mule, which had been placed there, to be fed, by one Swan. The defendant was the Sheriff of Shelby county, and a writ of replevin against Swan having been placed in his hands, he entered the livery stable, which was open, and in obedience to the command of the writ, seized the mule. The plaintiff refused to let the defendant remove the mule, unless he would pay the charges for keeping, and the defendant declining to do so, the plaintiff locked the stable door, leaving the defendant and the mule fastened up therein. Thereupon the defendant broke open the stable door, and took the mule off with him.
Upon these facts, it is insisted, for the plaintiff, that the Sheriff was guilty of a trespass, in forcibly taking the mule out of the plaintiff’s possession without paying, or tendering the amount due him for keeping the mule, for wbicb, it is claimed, he had a lien on the property.
It is conceded that, in general, a livery stable keeper has no lien upon a horse delivered to him for keeping, for his charges. But it is said that, by a particular custom of the city of Memphis, he has such a lien; and proof of such local custom was offered, but the Court refused to admit it.
It is clear, that, in the absence of any special agreement, a livery stable keeper has no such lien by the *53 general law: 2 Kent’s Com., (6 Ed.,) 634, 5, note b, and cases referred to. And it is equally clear, that no such lien can be claimed, by force of any usage prevailing in tlie city of Memphis. It is certainly true, that much of the common law of England, and of the American States, too, rests upon no other foundation, so far as we have any knowledge, than that of custom, and has acquired the force of law in that way, and the common law everywhere, is constantly adopting, as rules and principles — the mere usages of the community. But to acquire the force of law, such customs must have been established, and have become general, so that a presumption of knowledge- by the parties can be said to arise.
With reference to such customs, only, can the parties be presumed, in the absence of special agreement, to have contracted, as the law of their contract.
The proof as to the local and partial usage of Memphis, was, therefore, properly rejected.
It follows that there is no error in the judgment, and it is affirmed.